UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDERICKS,

                Plaintiff,

      -against-

JAMES L. COTT; ANALISA TORRES,

                Defendants.

25-CV-4581 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Five Points Correctional Facility, brings this action *pro se*. He has neither paid the fees to bring this action nor filed an application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Because Plaintiff has not paid the fees to bring this action, the Court understands that he seeks to proceed IFP. Another federal district court has recognized Plaintiff as barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Fredricks v. I.R.C. Entity D.O.C.*, 9:23-CV-0112, at 3-6 (N.D.N.Y. July 11, 2023), *appeal dismissed as frivolous*, No. 23-7197 (2d Cir. June 18, 2024). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he was in imminent danger of serious physical injury at the time that he filed the complaint.[1] While the complaint is largely illegible, Plaintiff appears to be suing a United States

---

[1] For purposes of the exception to the Section 1915(g) filing bar, an imminent danger is

District Judge and a United States Magistrate Judge with respect to actions those judges took while presiding over previous cases filed by Plaintiff in 2020 and 2022. Plaintiff is therefore barred under Section 1915(g) from filing this action IFP while a prisoner.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this action without prejudice under the PLRA's "three-strikes" rule.[2] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while he is a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, the complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

      The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    June 4, 2025
             New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge